**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4217**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LADARRIUS O'BRIAN WALKER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:16-cr-00239-TDS-1)

Submitted:  November 16, 2017                    Decided:  December 6, 2017

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, John M. Alsup, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ladarrius O'Brian Walker appeals his 90-month prison sentence after pleading guilty to possession of a firearm by a felon. The district court sentenced him above his advisory Guidelines range of 63 to 78 months. On appeal, Walker raises the issue of whether his variance sentence is substantively unreasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We "must first ensure that the district court committed no significant procedural error, such as failing to . . . adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* If the sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

The district court "must make an *individualized* assessment based on the facts presented when imposing a sentence, apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." *Lymas*, 781 F.3d at 113 (internal quotation marks and citation omitted). "In imposing a variance sentence, the district

court must consider the extent of the deviation and ensure that the justification is significantly compelling to support the degree of the variance." *Id.* (internal quotation marks and citation omitted). Although "[w]e must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different," we will vacate a variance sentence if the district court's "stated reasoning is inadequate or if it relies on improper factors." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks and citations omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Walker, and his sentence is substantively reasonable. Taking into account the totality of the circumstances, including the extent of the variance, the district court provided adequate reasoning for its sentence and did not rely on improper factors. We therefore give due deference to the district court's decision.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*